Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL VI

| ANGEL QUIDLEY RODRÍGUEZ Y OTROS<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelada | TA2025AP00138 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.:<br>SJ2024CV08309<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

### SENTENCIA

En San Juan, Puerto Rico, el 28 de agosto de 2025.

Comparece, ante este Tribunal de Apelaciones, el Sr. Ángel Quidgley Rodríguez y la Sra. Teresa De Jesús Cámara Nazario (en adelante, Sr. Quidgley Rodríguez y Sra. Cámara Nazario o parte apelante-demandante) mediante el presente recurso de *Apelación* y nos solicitan que revoquemos la *Sentencia Sumaria Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 23 de mayo de 2025. Mediante el referido dictamen, el foro de instancia declaró Ha Lugar la *Solicitud de Sentencia Sumaria Parcial* presentada por Universal Insurance Company (en adelante, Universal o parte demandada-apelada).

Por los fundamentos que expondremos a continuación, confirmamos el dictamen apelado.

### I

El caso ante nuestra consideración tiene su génesis en la presentación de una *Demanda* el 9 de septiembre de 2024 por el Sr. Quidgley Rodríguez y la Sra. Cámara Nazario, sobre daños y perjuicios contra el Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico, por conducto del Secretario de Justicia

(DTOP); el Puerto Rico Telephone Company, Inc. (PRTC); Liberty Communications of Puerto Rico, L.L.C. (Liberty); el Municipio de San Juan (Municipio); Mapfre- Praico Insurance Company (Mapfre) y   las partes Demandadas A, B, C y D.[1]  En apretada síntesis, alegaron que el 20 de marzo de 2023 el Sr. Quidgley Rodríguez mientras cruzaba por una acera de la Calle De Diego, frente al Hospital San Francisco en el Municipio de San Juan, cayó en un hoyo, abertura, toma o caja que se encontraba fuera de servicio, rellena de piedras y basura.  Adujeron que a raíz de este accidente se lastimó su muñeca y obtuvo laceraciones en una rodilla.

Por otro lado, arguyeron que mediante su representación legal cursaron comunicaciones extrajudiciales al Municipio y al Departamento de Justicia el 19 de diciembre de 2023.  Adujeron, que el incidente y los daños ocurrieron por la negligencia del DTOP por no mantener las aceras y las carreteras estatales en condiciones óptimas para las personas que caminan por ellas.  Por tal razón, solicitaron la indemnización en daños por la cantidad de $50,000.00 y $20,000.00 por concepto de angustias sufridas.

Tras varios incidentes procesales, y sobre lo que nos concierne a la controversia ante nos, el 6 de febrero de 2025, la parte demandante presentó una *Moción en Cumplimiento de Orden*.[2]  En el aludido escrito, la parte demandante adujo que desistía de su causa de acción en contra de Mapfre, pero presentó una *Tercera Demanda Enmendada* para sustituir al demandado de nombre desconocido por Universal.

El 7 de febrero de 2025, la parte demandante presentó su *Tercera Demanda Enmendada* en la cual incluyó como parte demandada a la aseguradora Universal[3], la cual fue autorizada por el TPI.

En esencia, alegó que, para la fecha de los hechos, Universal tenía expedida una póliza de seguro de responsabilidad pública que cubría los daños y perjuicios reclamados en la presente acción a favor del DTOP.

---

[1] Véase, Entrada Núm. 1 del Caso Núm. SJ2024CV08309 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Véase, Entrada Núm. 59 del Caso Núm. SJ2024CV08309 en el SUMAC.
[3] Véase, Entradas Núm. 64 del Caso Núm. SJ2024CV08309 en el SUMAC.

Luego, el 18 de marzo de 2025, Universal presentó una *Solicitud de Sentencia Sumaria Parcial.*[4] En síntesis, solicitó la desestimación de la causa de acción en su contra, pues la póliza vigente emitida a favor del DTOP (número 560-0668833) no cubría los daños ni las lesiones corporales que sucedieran fuera de los predios del DTOP, como lo era la acera en la Calle De Diego, frente al Hospital San Francisco. A raíz del razonamiento anterior, planteó los siguientes hechos como no controvertidos:

1. Para la fecha del 20 de marzo de 2023, fecha en que se alega ocurrió la caída, la póliza vigente emitida a favor del DTOP [*sic*] no cubría ni cubre los daños ni las lesiones corporales ocurridas en los predios no mencionados en la póliza, en particular aceras, carreteras, calles, puentes ni autopistas. Véase Exhibit 1, Declaración Jurada, incisos 3 y 4.

2. Existe una póliza de seguros (número 560-0668833) a favor del DTOP vigente[,] pero que la misma no cubre los daños ni las lesiones corporales alegadas en la tercera demanda enmendada. Véase, Exhibit 2, Póliza de seguros número 560-0668833.

En respuesta, el 7 de abril de 2025, la parte demandante presentó su *Oposición a Moción de Sentencia Sumaria de Universal Insurance Company y Solicitando se Dicte Sentencia Sumaria a Favor de los Demandantes.*[5] En el aludido escrito, la parte demandante alegó que los dos hechos propuestos por la parte demandada como incontrovertibles no hacen referencia específica a los párrafos y páginas de los anejos que sustentaban estos hechos. Por lo que los mismos eran inadmisibles y creaban una controversia de hechos esenciales y pertinentes que impedían que se dictara una sentencia sumaria a su favor. Del mismo modo arguyó que, a raíz de los *Endorsements CP1410 (06-95)* y *(07-88),* la póliza de seguros expedida por Universal a favor del DTOP quedó modificada para incluir los *walks,* las cuales alegó son aceras como parte de su cubierta. Por ende, solicitó que se dictara sentencia sumaria a su favor pues adujo que Universal cubría los daños reclamados en la *Demanda.*

---

[4] Véase, Entrada Núm. 77 del Caso Núm. SJ2024CV08309 en el SUMAC.
[5] Véase, Entrada Núm. 84 del Caso Núm. SJ2024CV08309 en el SUMAC.

Así las cosas, el 23 de mayo de 2025, el Tribunal de Primera Instancia emitió una *Sentencia Sumaria Parcial* en la cual declaró Ha Lugar la *Solicitud de Sentencia Sumaria Parcial* presentada por Universal.[6] El foro primario emitió las siguientes determinaciones de hechos como no controvertidas:

1. El 20 de marzo de 2023, el señor Ángel Luis Quidgley Rodríguez alega que mientras caminaba por una acera en la Calle De Diego, frente al Hospital San Francisco, en el Municipio de San Juan, cayó en un hoyo, abertura, toma o caja para trabajos que se encuentra fuera de servicio y rellena en partes de piedras y basura, ubicada en la acera de dicha calle.

2. Para la fecha de los hechos Universal Insurance Company había emitido la póliza número 560-0668833 a favor del Departamento de Transportación y Obras Públicas.

3. La calle De Diego a la altura del Hospital San Francisco no aparece entre las ubicaciones aseguradas en la póliza número 560-0668833 a favor del Departamento de Transportación y Obras Públicas.

De la misma forma, el Tribunal de Instancia resolvió que Universal no tenía obligación de cubrir los daños reclamados por la parte demandante. Esto así, pues el foro de origen concluyó que la póliza número 56-0668833, emitida por Universal a favor del DTOP, no incluía la Calle De Diego, frente al Hospital San Francisco, ni su acera como previos cubiertos bajo esta póliza.

El 5 de junio de 2025, la parte demandante presentó una *Reconsideración de Sentencia*.[7] En respuesta, el 20 de junio de 2025 la parte demandada presentó una *Breve Oposición a Solicitud de Reconsideración a Sentencia Parcial*.[8] Finalmente, el mismo día el Tribunal de Primera Instancia emitió una *Resolución* en la cual declaró No Ha Lugar la *Reconsideración de Sentencia* presentada por la parte demandante.[9]

Inconforme, el 16 de julio de 2025, la parte apelante acude ante nos mediante el presente recurso de *Apelación* y expone la comisión de los siguientes errores:

---

[6] Véase, Entrada Núm. 98 del Caso Núm. SJ2024CV08309 en el SUMAC.
[7] Véase, Entrada Núm. 99 del Caso Núm. SJ2024CV08309 en el SUMAC.
[8] Véase, Entrada Núm. 102 del Caso Núm. SJ2024CV08309 en el SUMAC.
[9] Véase, Entrada Núm. 103 del Caso Núm. SJ2024CV08309 en el SUMAC.

1. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO A DERECHO AL DETERMINAR, CONTRARIA A LA EVIDENCIA EN RÉCORD[,] QUE LA POLIZA EXPEDIDA POR UNIVERSAL NO CUBRE LOS DAÑOS RECLAMADOS EN LA [DEMANDA][.]

2. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO AL DICTAR SENTENCIA SUMARIA A FAVOR DE UNIVERSAL A PESAR DE QUE ESTE NO HIZO UNA RELACION DE HECHOS [NI] DOCUMENTOS QUE AMERITEN SE [DICTARA] [UNA] SENTENCIA SUMARIA[,] Y A PESAR DE QUE NUNCA PRESENTÓ ALEGACIÓN RESPONSIVA.

3. ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ACTUÓ CONTRARIO A DERECHO[,] AL DICTAR SENTENCIA SUMARIA A FAVOR DE UNIVERSAL SIN HABER PERMITIDO [AL] [COMPARECIENTE] REALIZAR DESCUBRIMIENTO DE PRUEBA [*sic*][.]

4. ERRÓ EL TPI AL DICTAR SENTENCIA SUMARIA A FAVOR DE UNIVERSAL YA QUE AL ESTOS NO [CONTESTAR] LA [DEMANDA] SOLO [PROCEDIA] SE [DICTARA] SENTENCIA EN REBELDÍA EN SU CONTRA YA QUE SUS DEFENSAS QUEDARON RENUNCIADAS.

Por su lado, el 14 de agosto de 2025 la parte apelada presentó su *Alegato de la Parte Apelada en Oposición a Apelación*.

Contando con la comparecencia de ambas partes, procedemos a resolver.

**II**

**A.**

En nuestro ordenamiento jurídico, la sentencia sumaria se rige por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V. R. 36. La sentencia sumaria es aquel mecanismo que "posibilita una disposición ágil de casos sin la celebración de un juicio, siempre que no presenten controversias genuinas de hechos materiales." *Birriel Colón v. Econo y Otros*, 2013 DPR 80, 90 (2023). Conforme la letra de la Regla 36. 1 de Procedimiento Civil, 32 LPRA Ap. V R. 36.1, para poder adjudicar en sus méritos una moción de sentencia sumaria a favor del reclamante, lo que se requiere es que se presente "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia

sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente", ya sea sobre la totalidad de la reclamación o parte de esta. En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable." *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

En armonía con lo anterior, la sentencia sumaria solo debe dictarse en casos claros. Si no existe certeza sobre todos los hechos materiales en la controversia, no procede que se dicte sentencia sumaria. Sin embargo, se ha establecido que la sentencia sumaria, "[p]rocede, aunque se hayan alegado hechos que aparenten estar en controversia, pero cuando el promovente logre demostrar preponderantemente, y mediante dicha prueba documental, que en el fondo no existe controversia sobre los hechos medulares." *Jusino et als. v. Walgreens*, 155 DPR 560, 577 (2001). Ante esta situación, la parte promovida debe "defenderse de la misma forma, es decir, apoyándose a su vez de documentos u otra evidencia admisible." *Id*.

Asimismo, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, establece unos requisitos de forma a ser cumplidos por la parte promovente y la parte promovida. Sobre los requisitos a cumplir por la parte promovente, la Regla 36.3 en su inciso (a) de Procedimiento Civil, *supra,* establece lo siguiente:

> (1) una exposición breve de las alegaciones de las partes;
>
> (2) los asuntos litigiosos o en controversia;
>
> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
>
> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable,

(6) el remedio que debe ser concedido.

Si el promovente incumple con los requisitos de forma, "el tribunal no estará obligado a considerar su pedido." *Meléndez González v. M. Cuebas*, *supra*, a la pág. 111. Del mismo modo, si el promovido es quien incumple dichos requisitos "el tribunal puede dictar Sentencia Sumaria a favor de la parte promovente, si procede en derecho." *Id.*

Por otro lado, la Regla 36.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.6, establece el procedimiento a seguir cuando no es posible conseguir declaraciones juradas, en específico la regla versa de la siguiente manera:

> Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración, concediéndole a la parte promovida un término razonable para que pueda obtener las declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia o dictar cualquier otra orden que sea justa.

En fin, toda vez que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley." *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000). Siendo esto así, solo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia." *Meléndez González v. M. Cuebas*, *supra*, a las págs. 109-110, que cita a: *Const. José Carro v. Mun. Dorado*, 186 DPR 113 (2012).

Según se ha reiterado jurisprudencialmente, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar

la determinación del tribunal primario, estamos limitados de dos maneras: (1) considerar solamente los documentos que se presentaron ante el foro de primera instancia; y (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. Esto es, estamos impedidos de adjudicar los hechos materiales esenciales en disputa. *Birriel Colón v. Econo y Otros*, supra, en la pág. 91; *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio.

A esos efectos, el Tribunal Supremo de Puerto Rico estableció el estándar específico que debemos utilizar como tribunal revisor al momento de evaluar determinaciones del foro primario en las que se conceden o deniegan mociones de sentencia sumaria. En lo pertinente, dispuso que "[l]a revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la *Moción de Sentencia Sumaria* en el foro primario, llevando a cabo todas las inferencias permisibles a su favor." *Meléndez González v. M. Cuebas*, *supra*, a la pág. 118. Además, reiteró que por estar en la misma posición que el foro primario, revisaremos que la moción de sentencia sumaria y su oposición, cumplan con los requisitos de forma recopilados en la Regla 36 de Procedimiento Civil. *Id*. Por lo cual, luego que culminemos nuestra revisión del expediente, de encontrar que en realidad existen hechos materiales y esenciales en controversia, debemos tener en cuenta el cumplimiento de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V R. 36.4, y exponer concretamente cuáles hechos materiales están controvertidos y cuáles están incontrovertidos. Por el contrario, de resultar que los hechos materiales y esenciales realmente están incontrovertidos, entonces nos corresponde revisar de *novo* si el foro impugnado aplicó correctamente el derecho a los hechos incontrovertidos. *Id*., a la pág. 119.

**B.**

Un contrato de seguro es aquél que "mediante el cual una persona se obliga a indemnizar a otra, o a pagarle, o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo". Artículo 1.020 del Código de Seguros, 26 LPRA sec. 102. Este tipo de contrato es un mecanismo para enfrentar la carga financiera que podría causar la ocurrencia de un determinado evento. Los aseguradores asumen la carga económica de los riesgos transferidos a cambio de una prima y surge una obligación por parte de éstos de responder por los daños económicos que sufra el asegurado en caso de ocurrir el evento específico. La asunción de riesgos es uno de los elementos principales de este contrato. *Coop. Ahorro y Créd. Oriental v. S.L.G.*, 158 DPR 714, 721 (2003); *Aseg. Lloyd's London v. Cía. Des. Comercial,* 126 DPR 251, 266-267 (1990).

En Puerto Rico la industria del seguro está regulada por el Código de Seguros, 26 LPRA secs. 101, *et seq.* A tenor con el Art. 11.250 de este Código, los contratos de seguros deben interpretarse globalmente, a base del conjunto total de sus términos y condiciones y de las modificaciones a las mismas, hechas a través de lo que se conoce en la industria del seguro como endosos. 26 LPRA sec. 1125; Véase, además, *López v. Atlantic Southern Ins. Co.*, 158 DPR 562, 568 (2003); *Meléndez Piñero v. Levitt & Sons of Puerto Rico*, 129 DPR 521, 554 (1991). Como regla general, cuando los términos y condiciones del contrato de seguro son claros, han de hacerse valer según el acuerdo plasmado por los contratantes en la póliza. *Díaz Ayala et al. v. E.L.A.*, 153 DPR 675, 691 (2001). Sin embargo, al reconocer que el contrato de seguros es redactado en su totalidad por el asegurador, el Tribunal Supremo ha expresado que las cláusulas oscuras o ambiguas se interpretarán a favor del asegurado. *Quiñones López v. Manzano Pozas,* 141 DPR 139, 155 (1996). Por el contrario, en ausencia de ambigüedad, las cláusulas del contrato son obligatorias. *Díaz Ayala et al. v. E.L.A., supra*; *Quiñones López v. Manzano Pozas, supra.*

## III

En el caso ante nuestra consideración, la parte apelante nos plantea que el Tribunal de Primera Instancia incidió al determinar que la póliza expedida por la parte apelada no cubre los daños reclamados en su causa de acción. En segundo lugar, la parte apelante nos señala que el foro de instancia erró al dictar una sentencia sumaria a favor de la parte apelada, a pesar de que esta no hizo una relación de hechos ni presentó documentos que ameritaran una sentencia a su favor, y a pesar de que no presentó una alegación responsiva. Del mismo modo, la parte apelante nos alega que el Tribunal de Primera Instancia erró al dictar una sentencia sumaria a favor de la parte apelada sin haber permitido realizar descubrimiento de prueba.

Examinada *de novo* la *Solicitud de Sentencia Sumaria Parcial* presentada por la parte apelada y la *Oposición a Moción de Sentencia Sumaria de Universal Insurance Company y Solicitando se Dicte Sentencia Sumaria a Favor de los Demandantes* presentada por la parte apelante, acogemos las determinaciones de hechos no controvertidos realizadas por el Tribunal de Primera Instancia, por entender que estas se sostienen en la prueba presentada por la parte apelada. A base de estas determinaciones, concluimos que, tal y como resolvió el foro de instancia, procedía la resolución sumaria de la causa de acción a favor de la parte apelada.

En nuestro ordenamiento jurídico, la Regla 36.3 de Procedimiento Civil, *supra*, establece unos requisitos de forma a ser cumplidos por la parte promovente. Entre los requisitos de forma, la parte promovente debe establecer una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no existe controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas, u otra prueba admisible en evidencia, donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal. Si el

promovente incumple con los requisitos de forma, el tribunal no estará obligado a considerar su pedido.

Por otro lado, la Regla 36.6 de Procedimiento Civil, *supra*, establece que cuando la parte que se oponga a una moción de sentencia sumaria no le es posible conseguir las declaraciones juradas para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración, concediéndole a la parte promovida un término razonable para que pueda obtener las declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia o dictar cualquier otra orden que sea justa.

Finalmente, solo procede que se dicte la sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia.

En el caso ante nuestra consideración, la parte apelada presentó una *Solicitud de Sentencia Sumaria Parcial*, en la cual alegó que procedía la desestimación de la causa de acción presentada por la parte apelante, pues la póliza vigente emitida a favor del DTOP (número 560-0668833) no cubría los daños ni las lesiones corporales reclamados por los apelantes. Por otro lado, la parte apelante presentó una *Oposición a Moción de Sentencia Sumaria de Universal Insurance Company y Solicitando se Dicte Sentencia Sumaria a Favor de los Demandantes*. En el aludido escrito, la parte apelante arguyó que a raíz de los *endorsements* CP1410 (06-95) y (07-88), la póliza de seguros expedida por la parte apelada, a favor del DTOP, quedó modificada para incluir los *walks* como parte de su cubierta, por lo que solicitó que se dictara sentencia sumaria a su favor.

Tras un estudio sosegado de los anejos presentados por la parte apelada, incluyendo la póliza número 560-0668833 y los *endorsements* CP1410 (06-95) y (07-88), resolvemos que no surge un deber jurídico por parte de la apelada para responder en daños y perjuicios a la parte

apelante. Esto es así, pues de la póliza expedida a favor de su asegurado DTOP y sus respectivos *endorsements*, no se incluyen las aceras como predios cubiertos. De la misma forma, resolvemos que no procede el planteamiento de la parte apelante, en cuanto a que erró el Tribunal de Primera Instancia al dictar una sentencia sumaria a favor de la parte apelada, a pesar de que esta no hizo una relación de hechos ni presentó documentos que ameritaran una sentencia a su favor, y a pesar de que no presentó una alegación responsiva. Esto es así, pues de la evidencia presentada por la parte apelada surgía con claridad que no existía una obligación por parte de esta a responder por la reclamación contra su asegurado. Del mismo modo, no procede el planteamiento de error de la parte apelante, respecto a que incidió el foro de origen al dictar la sentencia sumaria a favor de la parte apelada sin que se hubiese permitido a la parte apelante realizar descubrimiento de prueba. Toda vez que del escrito en oposición y legajo judicial, no surge que la parte apelante hubiese presentado una declaración jurada estableciendo que no le fue posible conseguir declaraciones jurada o evidencia para justificar su oposición, conforme lo establece la Regla 36.6 de Procedimiento Civil, *supra*.

Finalmente, la parte apelante nos plantea que el Tribunal de Primera Instancia erró al dictar sentencia sumaria a favor de la parte apelada, pues entendía que debido a que la parte apelada no contestó la *Demanda* solo procedía que se dictara una sentencia en rebeldía. A la luz de lo antes resuelto, y debido a que la parte apelada se sometió voluntariamente a la jurisdicción del tribunal, no le asiste razón a la parte apelante en su último señalamiento de error.

**IV**

Por los fundamentos que nos anteceden, confirmamos la *Sentencia Sumaria Parcial* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.  La Juez Aldebol Mora concurre sin escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones